FIFTH DIVISION
MAY 23, 2008

No. 1-07-0236

FEDEX GROUND PACKAGE SYSTEM, INC. )
)    Petition for Review of an Order of
          Petitioner-Appellant, )    the Pollution Control Board.
)
)
      v. )    IPCB No. 07-12
)
THE POLLUTION CONTROL BOARD and )
THE ENVIRONMENTAL PROTECTION )
AGENCY )
)
          Respondents-Appellees. )

JUSTICE TULLY delivered the opinion of the court:

This appeal arises from a petition for direct review of an administrative order under Illinois Supreme Court Rule 335. 155 Ill. 2d R. 335. In November, 2002, FedEx Ground Package System, Inc. (FedEx), acquired property previously used as a truck terminal. Subsurface samples prior to and after FedEx's acquisition of the property indicated concentration of fuel-related contaminants that exceeded Tier 1 soil and groundwater remediation objectives set by the Illinois Environmental Protection Agency (IEPA). FedEx notified the Illinois Emergency Management Agency of leaks from underground storage tanks located at the property. Subsequently, the Illinois State Fire Marshall notified FedEx that it was eligible under the Environmental Protection Act (Act) (415 ILCS 5/1 *et seq.* (West 2006)) to access the Underground Storage Tank Fund (Fund) and seek reimbursement of the costs of corrective action related to the leaking tanks.

FedEx submitted a corrective action plan and proposed budget of $321,151.37 to the IEPA in June 22, 2005, which were both approved.  The budget was later amended by FedEx to be increased to $333,980.67, which was also approved by the IEPA.  In March, 2006, FedEx conducted final sampling to confirm that the corrective action plan had achieved the IEPA's remediation objectives.  On April 20, 2006, FedEx submitted a "Corrective Action Completion Report" to the IEPA and requested that a "non-restricted 'No Further Remediation' letter be issued" for the previously reported leaking storage tanks.  The IEPA granted the request on May 10, 2006, under conditions specified in an "No Further Remediation" (NFR) letter.  The NFR letter indicated that it was required to be filed with the country recorder or registrar of titles within 45 days of receipt and would not be effective until officially recorded.  On May 16, 2006, the IEPA was notified that the NFR letter had been recorded on that same date.

On May 31, 2006, FedEx submitted reimbursement claims with the IEPA.  Submitted with those claims was a proposed budget amendment, seeking approval of an additional $72,878.75 in expenditures.  The IEPA rejected the proposed amendment to the budget on June 21, 2006, stating:

"The budget is rejected for the reason(s) listed below (Sections 57.7(b) and 57.7(c) of the Act and 35 Ill. Adm. Code 734.505(b), 734.510(a) and 734.510(b)).

The budget was submitted after the issuance of a No Further Remediation Letter. Pursuant to 35 Ill. Adm. Code 734.335(d), any corrective action plan or budget must be submitted to the Illinois EPA for review and approval, rejection, or modification in

accordance with the procedures contained in Subpart E of 35 Ill. Adm. Code 734 prior to the issuance of a No Further Remediation Letter."

FedEx appealed the determination to the Illinois Pollution Control Board (Board). The IEPA filed a motion for summary judgment and FedEx filed a cross-motion for summary judgment. On December 21, 2006, the Board, with one member dissenting, rejected FedEx's contention that section 734.335(d) of Title 35 of the Illinois Administrative Code (35 Ill. Adm. Code § 734.335(d), adopted at 30 Ill. Req. 5090 (eff. March 1, 2006) either did not apply or was misinterpreted by the IEPA.

FedEx timely appeals the Boards determination to this court pursuant to section 41(a) of the Act, which provides that judicial review of any final action shall be made under the provisions of the Administrative Review Law (735 ILCS 5/3-101 et. seq. (West 2006)) except that the review "shall be afforded directly to the Appellate Court for the District in which in the cause of action arose and not in the Circuit Court." 415 ILCS 5/41(a) (West 2006). Because the relevant facts are undisputed, the issues before this court are administrative rulings on questions of law, which we review *de novo*. Marconi v. Chicago Heights Police Pension Board, 225 Ill. 2d 497, 532 (2006). However, despite not being bound by an administrative agency's interpretation of the law, a reviewing court should afford substantial deference to the agency's determination of a statute that the agency administers and enforces. Township of Harlem v. Environmental Protection Agency, 265 Ill. App. 3d 41, 44 (1994).

FedEx contends that it has a statutory right to recover the costs submitted in its proposed

amended budget and that terminating that right based on the receipt of the NFR letter is contrary to the language and purpose of the statute. In the alternative, FedEx argues that section 734.335(d) of Title 35 of the Illinois Administrative Code (35 Ill. Adm. Code §734.335(d), adopted at 30 Ill. Reg. 5090 (eff. March 1, 2006)) was inapplicable in its case.

FedEx argues that because of section 57.8 of the Act, the regulations adopted by the Board contradict the Act and that therefore it has a statutory right to reimbursement for actions taken. Section 57.8 of the Act provides that after successfully making corrective action measures, one may be eligible to access the Fund for reimbursement for related costs. 415 ILCS 5/57.8 (West 2006). However, section 57.14A of the Act requires the Board to adopt amendments to the rules governing the administration of the Title 35 to make the rules consistent with the Act's provisions. 415 ILCS 5/57.14A (West 2006). Section 734.335(d) of Title 35 of the Illinois Administrative Code provides:

"Notwithstanding any requirement under this Part for the submission of a corrective action plan or corrective action budget, *** an owner or operator may proceed to conduct corrective action activities in accordance with this Subpart C prior to the submittal or approval of an otherwise required corrective action plan or budget. However, any such plan and budget must be submitted to the Agency for review and approval, rejection, or modification in accordance with the procedures contained in Subpart E of this Part prior to payment for any related costs or the issuance of a No Further Remediation Letter." 35 Ill. Adm. Code §734.335(d), adopted at 30 Ill. Reg. 5090 (eff. March 1, 2006).

Although there is a statutory right providing reimbursement for corrective actions taken in relation to leaking underground storage tanks, regulations have been promulgated to govern the administration of the Fund. As this court has noted before, the Fund does not have a broad remedial purpose, presumably due to its limited resources. See Strube v. Pollution Control Board, 242 Ill. App. 3d 822, 826 (1993). Accordingly, the rules and regulations administering it are not to be taken lightly and should not be ignored. After reviewing the rules and regulations with the Act, we do not find that imposing a regulation requiring budgets and plans to be submitted before an NFR letter is granted to be unduly restrictive or contrary to the purpose and language of the Act. The NFR letter signifies that no further steps need to be taken to correct the leaking storage tanks and that the matter is essentially outside the scope of the Act, and therefore the Fund. Without such a regulation, budgets and plans for corrective actions taken in excess of the requirements set forth by the Act could be submitted indefinitely for whatever costs incurred, possibly even for measures that may have been taken unnecessarily. Accordingly, although there exists a statutory right to reimbursement from the Fund, we do not find that this right is unlimited. Furthermore, we do not find that section 734.335(d) of Title 35 of the Illinois Administrative Code is contrary to the purpose and language of the Act and is a reasonable and enforceable regulation limiting the statutory right to reimbursement from the fund.

Alternatively, FedEx argues that section 734.335(d) was inapplicable in its case. It argues that section 734.335(d) applies only where an owner has elected to proceed with corrective action before submitting a corrective action plan or budget. However, after a careful

reading of the relevant sections, we disagree. Section 734.335(d) is not limited to cases where corrective action precedes the submission of a corrective action plan or budget. Instead, the section sought to include cases where corrective action has been taken prior to the submission of a plan or budget along with the cases where the corrective occurred afterwards.

Presumably, and as it is in the ordinary course, submission of a budget or plan is generally required prior to corrective action being taken. The language in section 734.335(d) stating "[n]otwithstanding any requirement under this Part for the submission of a corrective action plan or corrective action budget" prior to the submission of a budget, and, "[h]owever, any such plan and budget must be submitted to the Agency for review" prior to the issuance of a NFR letter (35 Ill. Adm. Code §734.335(d), adopted at 30 Ill. Reg. 5090 (eff. March 1, 2006)), only serves to indicate that the limitation within that section also applies to those cases. The Board note in that subsection advises those proceeding under section 734.335(d) that they may not be entitled to full payment from the fund. This means that those who proceed not only with no budget or plan, or go beyond the scope of an approved plan or budget as was the case here, may not be entitled to a full reimbursement. Furthermore, section 734.335(e) allows amendments to plans or budgets when revised procedures or cost estimates are necessary. Because of this, it is logical to see that section 734.335(d) is a necessary limitation specifying that plan or budget changes, or essentially the creation of a new plan or budget, should be submitted prior to the issuance of a NFR letter.

For the foregoing reasons, we find that the Board properly granted summary judgment in favor of the IEPA and affirm its judgment.

Affirmed.

FITZGERALD SMITH, P.J., and GALLAGHER, J., concur.